OPINION
{¶ 1} Defendant-appellant, LaDawnya Carpenter, appeals her conviction in Middletown Municipal Court for disorderly conduct.[1] For the reasons that follow, we reverse appellant's conviction.
 {¶ 2} In October 2005, appellant was arrested by Middletown police officers and charged with disorderly conduct in violation of Middletown City Ordinance ("MCO") 648.04, a fourth-degree misdemeanor. Appellant was also charged with misdemeanor drug abuse in violation of MCO 624.03. In December 2005, appellant pled no contest in the municipal court to disorderly conduct in violation of MCO 648.04, a minor misdemeanor. The court subsequently convicted appellant of that offense, and imposed a $100 fine and court costs. The court suspended the fine, provided that appellant did not re-appear in court. The city withdrew the drug abuse charge after appellant provided proof of a valid prescription.
 {¶ 3} Appellant now appeals her disorderly conduct conviction, raising one assignment of error as follows:
 {¶ 4} "THE COURT ERRED BY FINDING THE APPELLANT GUILTY OF DISORDERLY CONDUCT."
 {¶ 5} In this assignment of error, appellant argues that the municipal court erred in finding appellant guilty of disorderly conduct where the statement of facts read into the record by the city did not support a conviction. Appellant also argues that the statement of facts did not establish venue.[2]
 {¶ 6} Before a court relies on a no contest plea to convict a defendant of a misdemeanor offense, the court must comply with R.C. 2937.07, which requires an explanation of the circumstances of the offense. State/City of Hamilton v. Hoskins (June 14, 1999), Butler App. No. CA98-07-143, 1999 WL 527796, *1. If the explanation of circumstances does not support all the elements of the offense, the defendant who pleads no contest has a substantive right to an acquittal. State v. Spence, Clermont App. No. CA2002-02-012, 2002-Ohio-3600, ¶ 11, citing Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150.
 {¶ 7} The city read the following facts of the offense into the record:
 {¶ 8} "While in the south parking lot of the City Building officer observed a female [(appellant)] lying in the front seat of a Grey Buick * * *. Patrolman Hoyle and I made contact with the female by waking her up. She had in the car with her the following, [R.] age 11, [C.] age 8, and [A.] age 3. We advised her of the reason we were speaking to her and she became very argumentative. The main concern was for the safety of her children. She began cussing loudly in public stating, `This is f-ing bullshit' and `I hate cops.' She was advised she was going to be charged with disorderly conduct and given a summons. She refused to sign the summons. She was then charged with disorderly conduct and transported to the city jail."
 {¶ 9} After the city read the above facts into the record, the court said that "based upon that statement of facts," it was making a finding of guilty. Accordingly, we must determine whether the above facts, relied upon by the municipal court to make its guilty finding, support all the essential elements of the offense.
 {¶ 10} It is not clear from the record the specific subsection of MCO 648.04 under which the city charged appellant, and of which she was convicted.[3] The two subsections that are potentially applicable to the facts of the case are MCO 648.04(a)(1) and MCO 648.04(a)(2). Those sections, which mirror R.C. 2917.11(A)(1) and R.C. 2917.11(A)(2), state as follows:
 {¶ 11} "(a) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
 {¶ 12} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
 {¶ 13} "(2)Making unreasonable noise or an offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person[.]"
 {¶ 14} Punishment for disorderly conduct based on spoken words is prohibited unless those words amount to "fighting words." See State v. Hoffman (1979), 57 Ohio St.2d 129, 133;State v. Wood (1996), 112 Ohio App.3d 621, 627. "Fighting words" are those words that are likely by their very utterance to inflict injury or to incite an immediate breach of the peace.State v. Thompson, 95 Ohio St.3d 264, 265, 2002-Ohio-2124, citing Chaplinsky v. New Hampshire (1942) 315 U.S. 568, 572,62 S.Ct. 766. In determining whether language rises to the level of "fighting words," courts look at the circumstances surrounding the words. Hamilton v. Johnson (Dec. 3, 1999), Butler App. No. CA99-02-025, 1999 WL 1087024, *4, citing State v. Presley
(1992), 81 Ohio App.3d 721, 724.
 {¶ 15} This court has stated that "profane words specifically and intentionally directed to a * * * [police] officer usually constitute fighting words, while an inappropriate and vulgar commentary about the situation, without more, is not punishable."Johnson at *4, citing Wood at 627-629. Words directed to a police officer that courts have found to be "fighting words" include, "What are you going to do, asshole, pig? You going to arrest me?" State v. Dickey (1991), 75 Ohio App.3d 628, 630; "I hate all of you fucking prick-ass cops * * * get out of my way you fucking prick-ass cops," Cincinnati v. Karlan (1974),39 Ohio St.2d 107, paragraph three of the syllabus; and "You're a fucking jackass[.]" Johnson at *4. Words directed to a police officer that, while vulgar, courts have not found to be "fighting words" include, "stay away from the fucking door, get the fuck out of here," Kent v. Kelley (1975), 44 Ohio St.2d 43, 43; "the police are worthless, this is f[ucking] bullshit," Toledo v.Grince (1989), 48 Ohio App.3d 126, 127; and "go ahead, tow the motherfucker[.]" State v. Lamm (1992), 80 Ohio App.3d 510, 514.
 {¶ 16} Appellant's words in this case were, "This is f-ing bullshit" and "I hate cops." After reviewing the record and the relevant case law, we find that appellant's language did not constitute "fighting words." The record indicates that appellant's words were not specifically directed to a particular officer, but were a vulgar commentary about the situation. Appellant's language was comparable to the language, "the police are worthless, this is f[ucking] bullshit," found not to be "fighting words" in Grince. Accordingly, appellant could not have been convicted of "making an offensively coarse utterance" or communicating "grossly abusive language" under MCO 648.04(a)(2), which we must construe to prohibit only "fighting words." See Wood, 112 Ohio App.3d at 627 (applying comparable R.C. 2917.11[A][2]).
 {¶ 17} This court has held that vulgar language, when accompanied by aggressive behavior, can be sufficient for a disorderly conduct conviction based on "turbulent behavior."State v. Rajeski, Warren App. No. CA2002-11-120, 2003-Ohio-2783, ¶ 8. In Rajeski, vulgar language directed to a police officer was accompanied by the defendant "storming out of the apartment complex towards * * * [the officer] in an aggressive manner." Id. at ¶ 2. See, also, State v. Jackson
(Nov. 20, 1998), Montgomery App. No. 17128, 1998 WL 801367, *4 ("turbulent behavior" where defendant, in addition to verbally berating officer, grabbed officer's shirt). However, unlikeRajeski and Jackson, the statement of facts in this case did not indicate that appellant's vulgar language was accompanied by aggressive or threatening behavior toward the officers. Therefore, the statement of facts did not support a conviction for disorderly conduct under MCO 648.04(a)(1) based on "turbulent behavior."
 {¶ 18} Based on the above analysis, we sustain appellant's sole assignment of error. The statement of facts read by the city did not support the essential elements of the disorderly conduct offense for which appellant was convicted. The language used by appellant as set forth in the statement of facts, while vulgar, did not constitute "fighting words." Further, appellant's vulgar language was not accompanied by aggressive behavior so as to constitute "turbulent behavior." Accordingly, we reverse and vacate appellant's conviction for minor misdemeanor disorderly conduct. Due to our preceding analysis, appellant's argument regarding venue is moot. See App.R. 12(A)(1)(c).
 {¶ 19} Judgment reversed.
Walsh and Bressler, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.
[2] Appellee, the city of Middletown, did not file a brief in this matter.
[3] The record indicates that appellant was charged with a fourth-degree misdemeanor violation of MCO "648.04-1E," and convicted of a minor misdemeanor violation of MCO "648.04-1." While there is no subsection "1E," subsection (e)(1) states that, except as provided in (e)(2), disorderly conduct is a minor misdemeanor. Subsection (e)(2) describes certain circumstances that amount to a fourth-degree misdemeanor violation, one of which is when the offense is committed in the presence of a law enforcement officer. The record does not indicate the specific subsection within MCO 648.04(a)(1)-(5) or MCO 648.04(b)(1)-(2) under which appellant was charged or of which she was convicted.