[Cite as *State v. Williams*, 2016-Ohio-733.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA3 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| ROBERT S. WILLIAMS, | : | |
| Defendant-Appellant. | : | **RELEASED: 2/24/2016** |

<u>APPEARANCES</u>:

John K. Clark, Jr., Jackson, Ohio, for appellant.

Justin Lovett, Jackson County Prosecuting Attorney, and Randy H. Dupree, Jackson County Assistant Prosecuting Attorney, Jackson, Ohio, for appellee.

Harsha, J.

{¶1}    A jury convicted Robert S. Williams of misdemeanor assault in violation of a Wellston city ordinance.  The Jackson County Municipal Court sentenced Williams to 180 days in jail, suspended 177 days of the jail term, placed him on reporting probation for five years, and fined him $1,000 plus court costs, with the fine to be paid within 12 months.

{¶2}    Williams initially asserts that the trial court erred because it failed to consider the sentencing factors in R.C. 2929.22.  Because the trial court's sentence was within the statutory range and Williams makes no affirmative showing to rebut the presumption that the trial court correctly considered the appropriate sentencing criteria, his claim is meritless.  In addition, insofar as Williams claims in his initial argument that the trial court disregarded R.C. 2929.22 by imposing both a jail term and a fine without an adequate explanation on the record, he relies on cases interpreting former R.C.

2929.22(E) and (F), which are no longer part of the statute and did not apply to his conviction.

{¶3}    Williams also claims that his trial attorney provided ineffective assistance of counsel by 1) failing to object to the prosecutor's repeated leading of state witnesses, 2) twice erroneously objecting on the basis of hearsay to statements made by him to witnesses, and 3) not requesting a continuance to prepare for sentencing.  However, the failure to object to leading questions does not constitute ineffective assistance and his remaining contentions do not establish a reasonable probability that the outcome of his trial would have been different.

{¶4}    Therefore, we reject Williams's contentions and affirm his conviction and sentence.

## I. FACTS

{¶5}    A complaint in the form of an affidavit charged Williams with one count of misdemeanor assault in violation of Section 135.04(A)(1) of the Codified Ordinances of the City of Wellston.  Williams entered a plea of not guilty to the charge and retained private counsel.  The case proceeded to a jury trial, which produced the following evidence.

{¶6}    Williams's wife, April, committed suicide.  According to Williams, April's family, including her children, Samantha and Tony, blamed him for her death.  Her funeral service was August 23, 2014.  Wellston Police Officer Todd Shong testified that on that date, he responded to a call that Williams disrupted the service at the funeral home.  When Officer Shong arrived, he observed Williams outside the funeral home in

an agitated state with his shirt off.  Because the situation appeared to have been diffused, Officer Shong proceeded to escort the procession to the cemetery.

{¶7}    Tony Clark, who is Williams's stepson, testified that as he got out of the vehicle and headed towards the grave site carrying his infant son, Willliams told him that he could not spend time with his dead wife because of her family; Tony told him to "shut the f*** up."  Williams then got out of the car and moved towards Tony, telling his stepson to hit him.  Samantha Clark, Williams's stepdaughter, testified that she then got between them to try to keep her baby nephew from being hurt, and that Williams called her a "mouthy b****" and punched her in the mouth.  According to Samantha, Williams then grabbed her by her throat, strangled her, bit her hand, and caused bruises to her arms and legs.  Several members of Samantha's family confirmed that Williams had assaulted her that day.

{¶8}    Officer Shong testified that he was present, but did not witness the beginning of the incident.  When he heard yelling and screaming, he ran towards the area and broke up the fight.  According to Officer Shong, Williams did not comply with his request to get back in his car and instead demanded his badge when he refused Williams's request to do something about the incident.  Officer Shong told those involved to fill out statements about the incident and leave them for his review.  Williams stated that he did not want to be in the same building as the officer.  Officer Shong investigated the matter and concluded that Williams was the aggressor and should face charges for assaulting his stepdaughter, Samantha.

{¶9}    Williams testified that the incident started when Tony said he was going to kill him, which prompted him to get out of the car and tell Tony "let's end this."

According to Williams, Samantha came between them and accused him of killing her mother, but when he tried to turn around to leave, Tony hit him and several of their family members piled on him. Williams's parents and the wife and children of one of his friends testified that he did not start the fight and did not hit Samantha.

{¶10} At the conclusion of the trial, the jury returned a verdict finding Williams guilty of assault. The trial court then stated that it was prepared to proceed with sentencing, but that it would grant a continuance if "either counsel wants to have time to prepare for a more formal sentencing hearing." The prosecutor indicated that he could prepare quickly for sentencing, and Williams's trial counsel specified that "we would like to just go ahead and just get this over with today if at all possible" because it "has been a long trying time." The trial court then gave the prosecutor some time to prepare any victim impact statement he wanted to present.

{¶11} When the trial court readjourned, it shared with counsel an NCIC report and an ORAS scoring assessment for his presentence investigation report.[1] The trial court "noted a complete lack of criminal history from the official records."

{¶12} Williams's trial counsel requested probation or community control as an appropriate sanction based on the fact that Williams had moved from the area and other than visiting his parents, there was no reason for him to be in the area, and that he was 42 years old and unlikely to reoffend. Williams's counsel further noted that Williams works at a company in Lancaster and had been working over 48 hours per week.

---

[1] NCIC is the National Crime Information Center, which provides information on a person's criminal history. *See State ex rel. Multimedia, Inc. v. Snowden*, 72 Ohio St.3d 141, 647 N.E.2d 1374 (1995). ORAS is the Ohio Risk Assessment System, the tool selected by the Ohio Department of Rehabilitation and Correction to "assess an adult offender's risk of reoffending and to assess the offender's rehabilitative needs." Ohio Adm.Code 5120-13-01(A). "ORAS is a work in progress, and is not a litmus test for sentencing." *State v. Jennings*, 2d Dist. Clark No. 2013 CA 60, 2014-Ohio-2307, ¶ 28.

Finally, he mentioned that Williams had a "counselor already in place that he sees for his panic attacks and some of the issues he had been dealing with, with the death" of his wife. Williams's counsel reiterated that Williams would do anything the court wanted him to do and that he would not be back before the judge for a criminal violation.

{¶13} Conversely, the state, upon conferring with the victim of Williams's assault, his stepdaughter, requested that the trial court impose the maximum sentence. The victim had indicated that she had ongoing medical issues from the assault, that she feared for her and her family's safety, and that she had changed her life because of the crime. The state noted that if the maximum jail time would not be imposed, the victim requested some amount of jail time and probation with a "no contact" condition and a "large fine."

{¶14} The trial court imposed a 180-day jail sentence, but suspended 177 days and placed him on probation for five years, including a condition that he have no contact with Samantha Clark or any member of her family. The trial court also imposed a fine of $1,000 and court costs, but gave Williams 12 months to pay it based on the following exchange at sentencing between the court, Williams, and his trial counsel:

> THE COURT: Alright upon the finding of guilty by verdict of a jury the Court will impose its sentence. A fine of $1,000.00 and court costs. Are you able to pay that today or do you need some time sir?
>
> MR. WILLIAMS: I will need some time.
>
> THE COURT: Alright what I would like to do is set you up on the Court[']s normally standard 12 month payment plan. Uh what we would generally do is try to plan to get that done in 12 months. Depending on circumstances uh may reassess that at the end of 12 months. However a guy working 48 hours a week might be able depending on his bills and so on might be able to address that very forcefully uh for a period at least. Uh so I will leave up to him and probation to work out.

MR. DAWSON:  Okay.

**{¶15}**  This appeal ensued.

## II. ASSIGNMENTS OF ERROR

**{¶16}**  Williams assigns the following errors for our review:

I. THE TRIAL COURT ERRED IN ITS SENTENCING WHEN IT FAILED TO CONSIDER THE SENTENCING FACTORS IN ORC 2929.22.

II. THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AS WELL AS HIS RIGHTS UNDER SECTION 10 ARTICLE I OF THE OHIO CONSTITUTION AND THEREBY DENIED HIS RIGHT TO A FAIR TRIAL.

## III. LAW AND ANALYSIS

### A.  R.C. 2929.22 Sentencing Factors

#### 1.  Standard of Review

**{¶17}**  In his first assignment of error Williams asserts that the trial court erred in failing to consider the sentencing factors in R.C. 2929.22.  "We review a misdemeanor sentence for an abuse of discretion."  *State v. Marcum*, 2013-Ohio-2447, 994 N.E.2d 1, ¶ 22 (2013).  " 'A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary.' "  *State v. Keenan*, 143 Ohio St.3d 397, 2015-Ohio-2484, 38 N.E.3d 870, ¶ 7, quoting *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

#### 2.  Analysis

**{¶18}**  In general, trial courts are vested with broad discretion when imposing sentences in misdemeanor cases.  *State v. Babu*, 4th Dist. Athens No. 07CA36, 2008-Ohio-5298, ¶ 36; *Cleveland v. Peoples*, 8th Dist. Cuyahoga No. 100955, 2015-Ohio-

674, ¶ 14 ("trial court has broad discretion in ordering an appropriate sentence for a misdemeanor offense").

**{¶19}** Nevertheless, the trial court lacks the discretion to disregard the statutory factors in R.C. 2929.22, even though it has the discretion in the ultimate sentence imposed after a consideration of the factors. *See State v. Picklesimer*, 4th Dist. Pickaway No. 11CA9, 2012-Ohio-1282, ¶ 29, citing *Babu* at ¶ 36; *State v. Seidowsky*, 9th Dist. Medina No. 13CA0037-M, 2015-Ohio-4311, ¶ 6, quoting *State v. Smith*, 9th Dist. No. Wayne 05CA0006, 2006-Ohio-1558, ¶ 21 (" 'it is well recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22' "); *State v. Morrison*, 11th Dist. Ashtabula No. 2014-A-0018, 2014-Ohio-5467, ¶ 34 ("A trial court's failure to consider the R.C. 2929.22 factors amounts to an abuse of discretion").

**{¶20}** R.C. 2929.22(B)(1) provides that "[i]n determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a)  The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

**{¶21}** In addition, R.C. 2929.22(C) provides that "[a] court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."

**{¶22}** The trial court did not expressly cite these factors at sentencing or in its sentencing entry other than noting Williams's absence of a criminal history during the sentencing hearing. Williams argues that the silent record thus establishes that the trial court abused its discretion by not considering the pertinent factors in R.C. 2929.22(B)(1) and (C).

**{¶23}** We do not agree. "Although it is preferable that the trial court affirmatively state on the record that it has considered the criteria set forth in R.C. 2929.21 and R.C. 2929.22, the statute[s] do not mandate that the record state that the trial court considered the applicable statutory factors." *State v. Kinsworthy*,12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 30; *State v. Lundberg*, 2d Dist. Montgomery No. 2278, 2009-Ohio-1641, ¶ 21 ("While it is preferable that the trial court state on the record that it has considered the statutory criteria, the statute does not require the court to do so"); *State v. Remy*, 4th Dist. Ross No. 02CA2664, 2003-Ohio-2600, ¶ 29 ("While

it is preferable, there is no requirement that the court state on the record that it has considered the statutory criteria or discuss them").

{¶24} The trial court's sentence, including the 180-day jail term and the $1,000 fine, was authorized by statute. *See* R.C. 2929.24(A)(1) (in general, if the sentencing court imposes a jail term for a misdemeanor of the first degree, it shall impose a jail term of "not more than one hundred eighty days"); R.C. 2929.28(A)(2) (authorizing a trial court to impose a fine of "not more than one thousand dollars" for a misdemeanor of the first degree). In the absence of an affirmative showing to the contrary, " 'when a jail sentence falls within the statutory limit, as it does here, reviewing courts presume that the trial court followed the appropriate statutory guidelines.' " *Pickelsimer*, 4th Dist. Pickaway No. 11CA9, 2012-Ohio-1282, at ¶ 30, quoting *State v. Fitzpatrick*, 4th Dist. Lawrence No. 07CA18, 2007-Ohio-7170, ¶ 10; *State v. Ashe*, 2d Dist. Montgomery No. 26528, 2016-Ohio-136, ¶ 43, quoting *State v. Jackson*, 2d Dist. Montgomery No. 20819, 2005-Ohio-4521, ¶ 43 (court has repeatedly recognized that Ohio courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits in the absence of an affirmative showing to the contrary).

{¶25} There is nothing in the transcript of the sentencing hearing or the sentencing entry that affirmatively shows that the trial court did not consider the appropriate factors in R.C. 2929.22. Nor does Williams point to anything in the record that establishes otherwise. Because the trial court's sentence was within the statutory range and there is no affirmative showing by him to rebut the presumption that the trial court correctly considered the appropriate sentencing criteria, his claim is meritless.

{¶26} We acknowledge that Williams, who had no prior record, received a maximum sentence, which R.C. 2929.22(C) reserves for repeat offenders and those who commit the worst form of the offense. Here Williams's offense occurred at the funeral of his deceased wife. And it involved his stepchildren, i.e. the wife's son and daughter. Arguably, that constitutes one of the worst forms of misdemeanor assault. Moreover, we emphasize that although the trial court imposed the maximum jail sentence of 180 days, it suspended all but three of those days. As long as Williams complied with his probation requirements, he would serve only a small fraction of the maximum jail sentence.

{¶27} Finally, insofar as Williams claims that the trial court violated R.C. 2929.22 by imposing both a jail term and a fine without any justification on the record for doing so, he mistakenly relies on cases interpreting former R.C. 2929.22(E) and (F), which have been removed from the statute and did not apply to his conviction. *See State v. Polick*, 101 Ohio App.3d 428, 432, 655 N.E.2d 820 (4 Dist.1995); *State v. Stevens*, 78 Ohio App.3d 847, 851-852, 606 N.E.2d 970 (12th Dist.1992).

{¶28} In *Polick* at 432, we held that these former provisions of R.C. 2929.22(E) and (F) imposed an affirmative duty on trial courts to justify a decision to impose both a fine and imprisonment for a misdemeanor conviction:

> Contrary to the presumption afforded the trial court on a silent record under R.C. 2929.22(C) and 2929.12(C), we believe R.C. 2929.22(E) and (F) impose an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor. Subsection (E) restricts application of both sanctions to situations where certain factual conditions exist. Subsection (F) also relates to the factual existence of the ability to pay. Without some inquiry and/or explanation, however brief, we are unable to effectively review the court's decision. We acknowledge the court's grant of six months to pay the initial $100 fine, however, the court went on to assess an additional $1,500 in fines without further inquiry.

Because the statute evidences a predisposition against both fines and imprisonment in misdemeanor cases, we cannot say that a silent record creates the presumption that the court proceeded correctly.

**{¶29}** "These sections have been removed from the current version of the statute, and thus do not apply to appellant's conviction." *State v. Wiley*, 11th Dist. Portage No. 2013-P-0067, 2014-Ohio-5766, ¶ 32. Williams does not direct us to any other statute imposing a similar requirement, and "[t]here is no requirement in R.C. 2929.22 that the trial court make any affirmative finding on the record with regard to any of the considerations set forth in that section." *Id.*

**{¶30}** In fact, under R.C. 2929.28(B), there is no requirement that a trial court hold a hearing to determine whether the offender is able to pay financial sanctions imposed as part of a misdemeanor sentence; it is discretionary. And the record here established that Williams was gainfully employed at the time of sentencing and had employed counsel at trial. Williams did not represent to the court that he was unable to pay the fine and court costs based on indigency; instead, he merely advised the court that he needed some time to pay the financial sanctions. There was thus some evidence in the record that the court considered his ability to pay the financial sanctions imposed. *See Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, at ¶ 34-35 (although the trial court did not hold a hearing on the misdemeanant's present and future ability to pay the fine, there was evidence in the record that the court considered it).

**{¶31}** The trial court did not abuse its considerable discretion in sentencing Williams on his misdemeanor assault conviction. We overrule Williams's first assignment of error.

B.  Ineffective Assistance of Counsel

1.  Standard of Review

**{¶32}**   In his second assignment of error Williams contends that he received ineffective assistance of counsel from his trial attorney.  To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 42. The defendant has the burden of proof because in Ohio, a properly licensed attorney is presumed competent.  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62.  Failure to satisfy either part of the test is fatal to the claim.  *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

2.  Analysis

**{¶33}**  Williams claims that his trial attorney provided ineffective assistance of counsel by:  (1) failing to object to the prosecutor's repeated leading of state witnesses; (2) twice erroneously objecting on the basis of hearsay to testimony about statements he made to witnesses; and (3) not requesting a continuance to prepare for sentencing.

{¶34} First we address the issue of leading questions.[2] Evid.R. 611(C) does not preclude the use of leading questions on direct examination; instead, the rule provides that "it is within the trial court's discretion to allow leading questions on direct examination." *State v. Jackson*, 92 Ohio St.3d 436, 449, 751 N.E.2d 946 (2001). Consequently, the Supreme Court of Ohio had held that the failure to object to leading questions does not constitute ineffective assistance of counsel. *Id.*; *State v. Stairhime*, 3d Dist. Defiance No. 4-13-06, 2014-Ohio-1791, ¶ 46 ("we cannot find that any failure to object to any leading questions would rise to the level of ineffective assistance of counsel"). If Williams's trial counsel had objected to the leading questions he contests on appeal and the trial court had sustained the objections, it is likely that the state would have elicited the same testimonial evidence from Officer Shong and Samantha Clark by further questioning. We reject Williams's first contention in the absence of any showing of prejudice.

{¶35} Williams next contends that his trial counsel was ineffective because he twice objected on the basis of hearsay when those objections were manifestly meritless because the testimony concerned party admissions excepted from the hearsay rule. But even assuming this constituted deficient performance on the part of Williams's trial counsel, he cannot establish ineffective assistance by his trial counsel's raising two meritless objections because he has not established prejudice, i.e., a reasonable probability that, but for his trial counsel's errors, the result of the proceeding would have been different. *See State v. Neal*, 4th Dist. Hocking No. 15CA1, 2016-Ohio-64, ¶ 40,

---

[2] Williams claims that his trial counsel made "no objections" to the prosecutor's leading questions during the trial. That is not true. Williams's trial counsel objected to the prosecutor's leading question of Tony Clark, which prompted the prosecutor to withdraw the question.

citing *Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, at ¶ 113, and *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Simply because counsel raises a meritless objection we cannot presume prejudice. We reject Williams's second contention.

**{¶36}** In his final contention Williams claims that his trial counsel was ineffective for failing to request a continuance of the sentencing hearing. In his reply brief, he suggests that the statement by trial counsel at the sentencing hearing that he had just learned that Williams was undergoing counseling established that a continuance was necessary to prepare for sentencing. Williams states that trial counsel was ineffective because he had no information "as to the name of the counsel (sic), what the Defendant was being treated for, or what the prognosis was." (Reply Brief, p. 5)

**{¶37}** Williams is mistaken. His trial counsel advised the trial court that Williams was being treated for his panic attacks and issues related to the death of his wife. (Tr. 618) As the state aptly observes, the record fails to show whether additional investigation or preparation would have developed anything that would have been beneficial to Williams. In effect Williams is basing his claim of ineffective assistance on speculation that evidence outside the record would establish a reasonable probability that if trial counsel had sought a continuance and submitted undetermined additional evidence, the trial court would have imposed a more lenient sentence. This direct appeal is not the proper vehicle to raise an ineffective-assistance claim premised on evidence outside the record. *See State v. Hampton*, 4th Dist. Lawrence No. 15CA1, 2015-Ohio-4171, ¶ 28 (petition for postconviction relief is the proper vehicle to raise a

claim of ineffective assistance of counsel that relies upon evidence outside the record).

We reject Williams's third contention.

**{¶38}** Because Williams has not established a viable claim of ineffective assistance of his trial counsel, we overrule his second assignment of error.

## IV. CONCLUSION

**{¶39}** The trial court did not abuse its discretion in imposing its sentence for Williams's assault conviction. Nor did his trial counsel provide ineffective assistance of counsel. Having overruled Williams's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**