[Cite as *State v. Kinsworthy*, 2014-Ohio-2238.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2013-06-060 |
| | : | O P I N I O N |
| - vs - | | 5/27/2014 |
| | : | |
| JOSEPH DANIEL KINSWORTHY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2012 CRB 01036

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

James S. Arnold, 9737 Loveland-Madeira Road, Loveland, Ohio 45140 and The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1}  Defendant-appellant, Joseph D. Kinsworthy, appeals his conviction and sentence in the Warren County Court for violating a protection order.

{¶ 2}  Kinsworthy was charged with violating a protection order in violation of R.C. 2919.27(A)(1), a misdemeanor of the first degree.  On May 24, 2013, Kinsworthy's case proceeded to a jury trial.

{¶ 3} The victim, Katy Wall, testified first. She testified that she had previously been in a romantic relationship with Kinsworthy, but she eventually came to fear him and was afraid for both her and her son's safety. On May 24, 2012, she obtained a five-year civil protection order ("CPO") against Kinsworthy that covered herself and her son. Pursuant to the terms of the CPO, Kinsworthy was specifically forbidden from entering or interfering with Wall's "residence, school, business, or place of employment" and from initiating or having any contact with Wall's "residence, businesses, [and] places of employment * * *." At the time of trial, Wall was a teacher at Little Miami Junior High School and had taught there for ten years.

{¶ 4} Wall testified that on September 15, 2012, a complaint was made against her through PublicSchoolWORKS, an anonymous email service intended to allow students and parents of Little Miami School District to report incidents of bullying. The complaint made against Wall was sent to her school's principal, assistant principal, guidance counselor and district superintendent. Wall testified that neither she nor Kinsworthy had children that attended Little Miami. Wall acknowledged that she did not know who sent the complaint. However, she testified that she believed Kinsworthy was the source of the complaint because of the CPO, other proceedings between the two that where ongoing, and because he was "the only person I could think of who would want to attempt to harm me professionally at my job, or harm me in any sort of way."

{¶ 5} The principal of the Little Miami Junior High School, Ryan Michael Cherry, testified next. Cherry testified that the complaint made on PublicSchoolWORKS read as follows:

> A 7th Grade English Teacher Katy Wall was overheard by my daughter discussing the events that led to her receiving two black eyes and scratches on her face. She was telling the other person that she got drunk and slept with someones [sic] husband and the wife attacked her at a bar in South Lebanon. This isnt

- 2 -

[sic] the first time I've heard about Ms. Wall, she's been the center of many topics of my daughters [sic] discussions.

My daughter said she humiliated a girl in the middle of class for having her period, she pulled the girl out of her other class and made her clean up the mess in front of all of the other students, humiliating her.

This is coming from the same woman that is on Cincinnait.com [sic] for being a headline topic of "How Schools Cheat" regarding her cheating on the State Examinations.

My husband personally knows her as being a lush at all the bars and desperate to get on any man that is willing. You need to investigate this woman and her behaviors.

**{¶ 6}** Cherry testified that he was aware of the CPO against Kinsworthy and of a similar complaint made against Wall on another website. Cherry testified that the complaint contained the IP address from which it was sent: 71.67.241.70. After discussing the matter with his supervisor, Cherry contacted the police.

**{¶ 7}** Officer Tim Rector testified next. Officer Rector had been dispatched to investigate the email Cherry received. Based upon Officer Rector's knowledge of the CPO against Kinsworthy, and his review of the email, he drafted a subpoena to request information relating to the IP address.

**{¶ 8}** Detective Richard Smith testified next. Detective Smith testified that based on a report from Time Warner Cable that the IP address from which the complaint was sent matched the IP address of Kinsworthy's home on the date in question, a search warrant was issued to retrieve the devices from which the complaint could have been sent.[1] Among the devices seized was a Dell laptop computer containing the name "Erica Radcliffe."

**{¶ 9}** A forensic computer examiner for the Warren County Technical Crimes Unit,

---

1. A security manager for Tim Warner Cable, Adam Lawrence Huxell, testified that the IP address, 71.67.241.70, was assigned to the cable modem that was associated with Kinsworthy's account during the time that the complaint was sent on September 15, 2012.

Office Mark Bedwell, testified that he received the Dell laptop computer that was seized from Kinsworthy's residence. Using a Forensic Recovery Evidence Device, Officer Bedwell was able to determine that the Dell laptop had been used to search the internet for information regarding Wall. He further learned that the laptop had been used to access the Ohio Department of Education website in order to print a letter of admonishment against Wall. Officer Bedwell also discovered that, on the same day the complaint was filed, the computer had been used to search for complaints about teachers involved in posting nude photographs on dating websites. Finally, Officer Bedwell testified that, on September 15, 2012, the Dell laptop had been used to access the PublicSchoolWORKS website.

{¶ 10} Finally, Erica Evans testified. Erica testified that her maiden name was Radcliffe. Evans is the sister of Kinsworthy's fiancé. She testified that the Dell laptop belonged to her, but that she had lent it to her sister who lives at the same address as Kinsworthy. Evans testified that she was aware Wall was Kinsworthy's ex-girlfriend and had "a little bit" of knowledge of the negative interactions between the two. Finally, Evans testified that she did not have any motivation to contact Little Miami School District in regard to Wall.

{¶ 11} On May 24, 2013, after hearing all of the evidence, the jury found Kinsworthy guilty of violating the CPO. On the same date, the trial court sentenced Kinsworthy to five months in jail and a $1,000 fine. The court ordered that the sentence be served consecutively with Kinsworthy's felony sentence in Warren County Common Pleas Court Case No. 12CR28221.

{¶ 12} Kinsworthy appeals from that conviction and sentence, raising two assignments of error for our review.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND/OR

- 4 -

AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN [KINSWORTHY'S] CONVICTION.

{¶ 15} The legal concepts of sufficiency of the evidence and weight of the evidence are separate and distinct. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "In reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37, quoting *State v. Jenks*, 61 Ohio St .3d 259 (1991), paragraph two of the syllabus.

{¶ 16} On the other hand, "a manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *State v. Cummings*, 12th Dist. Butler No. CA2006-09-224, 2007-Ohio-4970, ¶ 12. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Hibbard*, 12th Dist. Butler Nos. CA2001-12-276, CA2001-12-286, 2003-Ohio-707, ¶ 10. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment on the weight of the evidence in a jury trial. *Thompkins* at 389.

{¶ 17} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the

evidence will also be dispositive of the issue of sufficiency." *State v. Malott*, 12th Dist. Butler Nos. CA2007-02-006, CA2007-02-007, CA2007-02-008, 2008-Ohio-2114, ¶ 18; *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 35. Therefore, we will first examine whether Kinsworthy's convictions are supported by the manifest weight of the evidence.

{¶ 18} R.C. 2919.27(A)(1) provides that "[n]o person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to section * * * 3113.31 of the Revised Code." In the present case, the CPO issued against Kinsworthy and in favor of Wall and her son was introduced into evidence as state's exhibit 1. That CPO included a provision which prohibited Kinsworthy from interfering with or having any contact with Wall's place of employment.

{¶ 19} The evidence established that the complaint made through PublicSchoolWORKS regarding Wall came from the IP address which corresponds with Kinsworthy's modem. Evidence established that a Dell laptop which was seized from Kinsworthy's residence had been used to perform internet searches regarding Wall, and had accessed the PublicSchoolWorks website.

{¶ 20} While there was no direct evidence that Kinsworthy was the person who used the computer to access the website and send the complaint, there is circumstantial evidence to support that inference. As stated above, Wall testified that she believed Kinsworthy was the source of the complaint because of (1) the CPO, (2) other proceedings between the two that where ongoing, and (3) his being "the only person I could think of who would want to attempt to harm me professionally at my job, or harm me in any sort of way." That testimony was offered to show that Kinsworthy had motive to submit the complaint. "Motive is a mental state which induces an act; it is a circumstantial fact used to strengthen an inference, drawn from other evidence, that an act was done." *State v. Nichols*, 7 Ohio App.2d 194, 196 (10th

Dist.1996). There was no evidence introduced to suggest that any other person possessed both the opportunity and motive to submit the complaint from the Dell laptop retrieved from Kinsworthy's residence.

{¶ 21} In sum, the evidence established that Kinsworthy had access to the device from which the complaint was sent as well as the motive to send the complaint to harm his ex-girlfriend who had obtained a protection order against him. We do not find that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Accordingly, Kinsworthy's conviction was supported by the manifest weight of the evidence. In turn, Kinsworthy's convictions were also supported by sufficient evidence.

{¶ 22} In light of the foregoing, having held that Kinsworthy's conviction was supported by the manifest weight of the evidence, Kinsworthy's first assignment of error is overruled.

{¶ 23} Assignment of Error No. 2:

{¶ 24} THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING [KINSWORTHY].

{¶ 25} Within this assignment of error, Kinsworthy raises three issues for or review: (1) "[t]he trial court erred by ordering [Kinsworthy's] sentence in this case to run consecutive to the prison sentence he received under trial case number 2012 CR 28221," (2) "[t]he trial court did not consider the purposes and principles of misdemeanor sentencing before imposing a jail term for [Kinsworthy's] conviction," and (3) "[t]he trial court erred by ordering [Kinsworthy] to pay financial sanctions without a hearing and/or determining [Kinsworthy's] ability to pay."

### 1. Consecutive Sentences

{¶ 26} R.C. 2929.41(A) provides as follows:

(A) * * * Except as provided in division (B)(3) of this section, a jail

term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶ 27} Division (B)(3) of R.C. 2929.41 does not apply to the case at bar. Although R.C. 2929.41(A) was excised by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, the identical language of R.C. 2929.41(A) was reenacted in full by the legislature in 2011 Am.Sub.H.B. No. 86, effective September 30, 2011.

{¶ 28} In the present case, Kinsworthy was convicted of a first degree misdemeanor and sentenced to a five-month jail term, to be served consecutively with his prior, unrelated felony sentence. Pursuant to R.C. 2929.41(A), the state concedes that the trial court erred in ordering that Kinsworthy's sentence be run consecutively with his felony prison sentence. We agree. Accordingly, Kinsworthy's second assignment of error is sustained insofar as it pertains to his argument that the trial court erred in ordering that his sentence in the present case be served consecutively with his sentence in a prior, unrelated felony sentence.

### 2. R.C. 2929.21 and 2929.22

{¶ 29} Kinsworthy next argues that the trial court erred when it failed to address the purposes and principles of misdemeanor sentencing pursuant to R.C. 2929.21 and make findings regarding the factors found in 2929.22.

{¶ 30} Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion when determining what sentence is appropriate for each given misdemeanor case. When determining the appropriate sentence, the trial court must be guided by the purposes of misdemeanor sentencing, are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The trial court must also consider the factors listed in R.C. 2929.22(B)(1), including the nature and circumstances of the offense, and may consider any other factors that are relevant to achieving the purposes and principles

of misdemeanor sentencing. R.C. 2929.22(B)(2). Although it is preferable that the trial court affirmatively state on the record that it has considered the criteria set forth in R.C. 2929.21 and R.C. 2929.22, the statute does not mandate that the record state that the trial court considered the applicable statutory factors. A trial court is presumed to have considered the statutory factors when the sentence is "within the statutory limits and there is no affirmative showing that the trial court failed to do so." *State v. Collins*, 3d Dist. Allen Nos. 1-05-15, 1-05-21, 2005-Ohio-4755, ¶ 12.

{¶ 31} We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 25. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Barnes*, 94 Ohio St.3d 21, 23 (2002).

{¶ 32} The sentence imposed on Kinsworthy falls within the statutory limits, and there is no affirmative indication that the trial court failed to consider the factors contained in R.C. 2929.21 and R.C. 2929.22. Consequently, the trial court is presumed to have complied with R.C. 2929.21 and R.C. 2929.22. Therefore, we find that the trial court did not abuse its discretion in sentencing Kinsworthy.

### 3. Financial Sanctions

{¶ 33} Finally, Kinsworthy argues that the trial court erred when it imposed financial sanctions without holding a hearing to determine his ability to pay.

{¶ 34} R.C. 2929.28(B) provides, "the court *may* hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." (Emphasis added.) "Ohio courts have interpreted R.C. 2929.28(B) to mean that a hearing to determine ability to pay is not required; however, there must, at minimum, 'be some evidence in the record that

- 9 -

the court considered the defendant's present and future ability to pay the sanction imposed.'" *State v. Rhoda*, 6th Dist. No. F-06-007, 2006-Ohio-6291, ¶ 15, quoting *State v. Reigsecker*, 6th Dist. Fulton No. F-03-022, 2004-Ohio-3808, ¶ 11.

{¶ 35} In the present case, the trial court did not hold a separate hearing to determine Kinsworthy's present and future ability to pay the fine. However, the trial court was made aware at the sentencing hearing that Kinsworthy is 100 percent disabled and therefore would receive benefits. Accordingly, we find that there was evidence in the record that the court considered Kinsworthy's present and future ability to pay the fine.

{¶ 36} In light of the foregoing, having found that (1) the trial court erred in ordering that Kinsworthy's misdemeanor sentence run consecutive with his prior, unrelated felony sentence, (2) the trial court did not err in failing to make findings under R.C. 2929.21 and R.C. 2929.22 where Kinsworthy's sentence fell within the statutory range, and (3) the trial court did not err in imposing a fine without holding a hearing where there was some evidence of Kinsworthy's present and future ability to pay the fine, Kinsworthy's second assignment of error is sustained in part and overruled in part.

{¶ 37} The trial court's sentence is modified to order that Kinsworthy's five-month jail sentence in the present case be served concurrently with his unrelated felony sentence in Warren County Common Pleas Court Case No. 12CR28221. The judgment of the trial court is affirmed in all other respects.

S. POWELL and HENDRICKSON, JJ., concur.