[Cite as *State v. Saturday*, 2019-Ohio-193.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-06-122 |
| | : | O P I N I O N |
| - vs - | | 1/22/2019 |
| | : | |
| GABRIELLE SATURDAY, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 18CRB01228-A


Thomas A. Dierling, Hamilton City Prosecutor, 345 High Street, Hamilton, Ohio 45011, for appellee

Krista M. Gieske, 810 Sycamore Street, 3rd Floor, Cincinnati, Ohio 45202, for appellant


**RINGLAND, P.J.**

{¶ 1}   Gabrielle Saturday appeals her conviction in the Hamilton Municipal Court for domestic violence.  For the reasons discussed below, this court affirms Saturday's conviction.

{¶ 2}   At a bench trial, the state introduced the testimony of Kimberly Couch ("Mother"), who is Saturday's mother.  Saturday was living at Mother's home.  Mother testified

that on day of the incident, Mother and Saturday were arguing about Saturday's disrespectful behavior and failure to follow Mother's rules.

{¶ 3} Later that day, Saturday was collecting her belongings and preparing to move out of the home. Mother testified that Saturday passed her several times in a hallway and was intentionally bumping Mother with her shoulder. This contact escalated into a physical fight, with Saturday hitting Mother with a closed fist on Mother's arms, chest, and face. Saturday grabbed Mother by the hair and slammed her into a wall. Mother admitted fighting back, punching Saturday and grabbing her hair, but denied that she initiated the fight.

{¶ 4} Mother testified that she attempted to use her phone to call the police, but Saturday took the phone from her and said she would not let her call the police. Mother was able to recover the phone but then Saturday pushed Mother down on a couch and began kicking her. Saturday left the home. Police arrived shortly thereafter and found Saturday nearby. Police arrested Saturday and charged her with domestic violence.

{¶ 5} Saturday testified in her own defense. She said that the fight began when she and Mother were screaming at one another in the home. This led to Mother pushing Saturday. Saturday admitted fighting back and insisted that Mother was the initial aggressor. Saturday admitted taking Mother's phone because she did not want to go to jail. Saturday stated that during the fight she was not in fear of being hurt but was just trying to repel Mother.

{¶ 6} The court found Saturday guilty of domestic violence. In so doing, the trial court found that Saturday did not prove self-defense and specifically noted her testimony that she was not afraid of being hurt. The court sentenced Saturday to 180 days in jail, with 165 days suspended, and $1,376.00 in fines, fees, and costs.

{¶ 7} Saturday assigns two errors for this court's review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE MUNICIPAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF DOMESTIC VIOLENCE BECAUSE SAID CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶ 10} Saturday contends that there was insufficient evidence to convict her of domestic violence because the court failed to find that she acted in self-defense. Saturday frames her argument as an attack on the sufficiency of the state's evidence. However, self-defense is an affirmative defense and as such is not considered in a sufficiency of the evidence analysis. *State v. Green*, 12th Dist. Warren No. CA2017-11-161, 2018-Ohio-3991, ¶ 28. Once the state has submitted sufficient evidence to allow a factfinder to convict, then the question of the relative persuasiveness of the defendant's affirmative defense is a factfinding determination that is reviewed by an appellate court on a manifest weight of the evidence standard. *Id.* at ¶ 29, citing *State v. Cooper*, 170 Ohio App.3d 418, 2007-Ohio-1186, ¶ 15 (4th Dist.).

{¶ 11} When reviewing the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Bradbury*, 12th Dist. Butler No. CA2015-06-111, 2016-Ohio-5091, ¶ 17. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.* at ¶ 18.

{¶ 12} The burden of going forward with evidence of self-defense and the burden of proving self-defense by a preponderance of the evidence is upon the accused. R.C. 2901.05(A); *State v. Palmer*, 80 Ohio St.3d 543, 563 (1997). To establish self-defense in a situation involving the use of non-deadly force, the defendant must establish (1) that the

defendant was not at fault in creating the situation giving rise to the altercation and (2) that she had reasonable grounds to believe and an honest belief, even though mistaken, that she was in imminent danger of bodily harm and her only means to protect herself from the danger was by the use of force not likely to cause death or great bodily harm. *State v. Russell*, 12th Dist. Warren Nos. CA2011-06-058 and CA2011-09-097, 2012-Ohio-1127, ¶ 33, citing *State v. D.H.*, 169 Ohio App.3d 798, 809, 2006-Ohio-6953 (10th Dist.). A defendant must prove all these elements to establish self-defense. *State v. Gray*, 12th Dist. Butler No. CA2010-03-064, 2011-Ohio-666, ¶ 43.

{¶ 13} After a thorough review of the record, this court finds that the lower court did not lose its way and create a manifest miscarriage of justice by rejecting Saturday's claim of self-defense and convicting her of domestic violence. Saturday testified that she did not fear being hurt and presented no other evidence which would indicate that she had a belief that she was in imminent danger of bodily harm. Accordingly, this court overrules Saturday's first assignment of error.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE MUNICIPAL COURT ERRED IN IMPOSING FINANCIAL SANCTIONS AS PART OF DEFENDANT-APPELLANT'S SENTENCE WITHOUT CONSIDERING HER ABILITY TO PAY.

{¶ 16} Saturday argues that the trial court erred in failing to consider her present and future ability to pay before imposing financial sanctions as part of her sentence. Saturday concedes that she did not object on this basis in the lower court and is limited to a review for plain error. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error exists where there is an obvious deviation from a legal rule that affected the defendant's substantial rights by influencing the outcome of the proceedings. *State v. Barnes*, 94 Ohio

- 4 -

St.3d 21, 27 (2002). "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 436 (1997). This court should notice plain error with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice. *State v. Widmer*, 12th Dist. Warren No. CA2011-03-027, 2012-Ohio-4342, ¶ 84.

{¶ 17} In misdemeanor sentencing, courts are authorized to impose financial sanctions on an offender, which include restitution, a fine, or reimbursement to the government. R.C. 2929.28(A)(1) through (3). R.C. 2929.28(B) provides that "[i]f the court determines a hearing is necessary, the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." Saturday did not request a hearing on her ability to pay. Nonetheless, Saturday argues that the court was still required to consider her ability to pay before imposing a financial sanction.

{¶ 18} In felony sentencing, there is an express requirement that a court consider the offender's ability to pay before imposing financial sanctions. R.C. 2929.19(B)(5) provides: "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." *Accord State v. Lang*, 12th Dist. Brown No. CA2011-03-007, 2011-Ohio-5742, ¶ 12. However, the law is not as clear as to whether consideration of ability to pay is required in misdemeanor sentencing. *See State v. Luther*, 4th Dist. Scioto No. 16CA3742, 2018-Ohio-1576, ¶ 35; *State v. Daniels*, 1st Dist. No. C-150042, 2015-Ohio-5348, ¶ 38-39; *State v. Wiley*, 11th Dist. Portage No. 2013-P-0067, 2014-Ohio-5766, ¶ 28-32. No provision identical to R.C. 2929.19(B)(5) exist in the misdemeanor sentencing statutes. R.C. 2929.28(A)(3)(b) requires an ability to pay consideration in misdemeanor sentencing but only with respect to a financial sanction of

reimbursement to the government. Former R.C. 2929.22(F) provided that the court could not impose a fine for a misdemeanor that exceeded "the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents or will prevent the offender from making restitution or reparation to the victim of the offender's offense." However, the legislature removed that section over a decade ago. This court has held that there must be some evidence in the record to demonstrate an offender's ability to pay a misdemeanor financial sanction. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 34. However, *Kinsworthy* relied exclusively on a Sixth District case, *State v. Rhoda*, 6th Dist. No. F-06-007, 2006-Ohio-6291, which cited felony sentencing cases for the proposition that some evidence of ability to pay was required in misdemeanor sentencing cases.

{¶ 19} Even if this court assumes that the record must contain evidence that the lower court considered Saturday's ability to pay, she cannot demonstrate plain error. The lower court's judgment entry specifically indicates that it considered Saturday's ability to pay before imposing financial sanctions. And the record of the sentencing hearing reflects that the court was informed that Saturday was currently living with her grandparents and was preparing to graduate from a career technical school. Thus, the court had before it some evidence of Saturday's ability to pay financial sanctions and Saturday has not shown this court an "obvious" deviation from a legal rule. This court overrules Saturday's second assignment of error.

{¶ 20} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.