[Cite as *State v. Batchelor*, 2024-Ohio-3232.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-01-008 |
| | : | O P I N I O N |
| - vs - | | 8/26/2024 |
| | : | |
| KEITH L. BATCHELOR, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2023 CRB 02180-01, -02

Kyle M. Rapier, and Stephen J. Wolterman, City of Fairfield Prosecuting Attorney, for appellee.

Christopher P. Frederick, for appellant.

**HENDRICKSON, J.**

{¶ 1} Appellant, Keith L. Batchelor, appeals from the sentence imposed by the Fairfield Municipal Court following his no contest pleas to multiple misdemeanor offenses. For the reasons set forth below, we affirm his sentence.

{¶ 2} On September 1, 2023, in Fairfield Municipal Court Case No. 23 CRB 01808 ("Case 01808"), appellant was charged with one count of obstructing official business in

violation of Fairfield Codified Ordinance 525.07(A), a misdemeanor of the second degree. Appellant gave city of Fairfield police officers a false name when they were actively investigating a disorderly conduct complaint.

{¶ 3} After appellant failed to appear in court on the charge in Case No. 01808, he was charged under a new case number, Fairfield Municipal Court Case No. 23 CRB 01947 ("Case No. 01947"), with one count of failure to comply with a court order in violation of R.C. 2705.02, a misdemeanor of the fourth degree.

{¶ 4} Finally, following an incident that occurred on November 9, 2023, appellant was charged in Fairfield Municipal Court Case No. 23 CRB 02180 ("Case 02180") with one count of obstructing official business in violation of Fairfield Codified Ordinance 525.07, a misdemeanor of the second degree, one count of misuse of 911 in violation of Fairfield Codified Ordinance 537.12(C), a misdemeanor of the fourth degree, and one count of violating a seatbelt requirement in violation of Fairfield Codified Ordinance 337.27(b)(3), a minor misdemeanor. The charges arose following an incident where a vehicle that appellant was a passenger in was pulled over. Appellant, who was not wearing a seatbelt, gave a false name to a city of Fairfield police officer. He refused to get out of the vehicle and lied about his name for more than 54 minutes. During that time frame, appellant called 9-1-1 knowing no emergency existed.

{¶ 5} On December 6, 2023, appellant appeared before the municipal court on all three case numbers. At that time, he pled no contest to all charged offenses. After accepting appellant's plea and finding him guilty, the court sentenced appellant to 90 days in jail, with five days suspended, a $750 fine, and five years of reporting community control on the obstructing official business charge in Case No. 01808. Appellant was sentenced to 30 days in jail, with five days suspended, a suspended $250 fine, and five years of reporting community control in Case No. 01947 for failing to comply with a court order.

Finally, in Case No. 02180, appellant was sentenced to a $150 fine on the seatbelt charge, with $110 suspended, 30 days in jail, with five days suspended, and a $250 fine on the misuse of 9-1-1 charge, and 90 days in jail, with 30 days suspended, a $750 fine, and five years of reporting community control on the obstructing official business charge. The jail sentences were ordered to be served consecutively, which resulted in an aggregate jail sentence of 240 days, with 45 days suspended.

{¶ 6} Appellant appealed his sentences in Case Nos. 01808, 01947 and 02180, raising the following as his sole assignment of error:

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING MR. BATCHELOR TO 240 DAYS IN JAIL WITH FIVE YEARS REPORTING COMMUNITY CONTROL.

{¶ 8} Appellant argues that the trial court abused its discretion in sentencing him to 240 days in jail and five years of community control as the sentence "cannot be deemed proportional to the nature of the offenses committed." Appellant contends such a lengthy jail sentence with five years of reporting community control is unwarranted where the record fails to reflect that the court considered the nature of the offenses or whether he had a prior criminal history.

{¶ 9} "We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard." *State v. Jezioro*, 2017-Ohio-2587, ¶ 6 (12th Dist.). An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Fluhart*, 2021-Ohio-2153, ¶ 23 (12th Dist.).

{¶ 10} Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion when determining what sentence is appropriate for each given misdemeanor case. *State v. Kinsworthy*, 2014-Ohio-2238, ¶ 30 (12th Dist.). When determining the appropriate

sentence, the trial court must be guided by the purposes of misdemeanor sentencing which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The trial court must also consider the factors listed in R.C. 2929.22(B)(1) and may consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing. R.C. 2929.22(B)(2). The factors set forth in R.C. 2929.22(B)(1) include the following:

> (a) The nature and circumstances of the offense or offenses;
>
> (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
>
> (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
>
> (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
>
> (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;
>
> (f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;
>
> (g) The offender's military service record.

R.C. 2929.22(B)(1)(a)-(g). "Although it is preferable that the trial court affirmatively state on the record that it has considered the criteria set forth in R.C. 2929.21 and R.C. 2929.22, the statute does not mandate that the record state that the trial court considered

the applicable factors." *Kinsworthy* at ¶ 30. "A trial court is presumed to have considered the applicable statutory factors when the sentence is 'within the statutory limits and there is no affirmative showing that the trial court failed to do so.'" *Id.*, quoting *State v. Collins*, 2005-Ohio-4755, ¶ 12 (3d Dist.).

{¶ 11} Furthermore, with respect to consecutive sentences, we have previously determined that "[a] trial court is not required to make consecutive sentence findings under R.C. 2929.14(C)(4) prior to ordering consecutive sentences for jail terms imposed for misdemeanor offenses." *Fluhart*, 2021-Ohio-2153 at ¶ 25. Rather, R.C. 2929.41(B)(1) controls the imposition of consecutive sentences for misdemeanor offenses. That statute provides that so long as the aggregate jail term to be served does not exceed 18 months, "[a] jail term . . . for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court *specifies* that it is to be served consecutively . . . ." (Emphasis added.) *Id. See also State v. Henson*, 2021-Ohio-38, ¶ 17 (12th Dist.) (a trial court need only "specify" that the jail terms being imposed are to be served consecutively for misdemeanor consecutive sentences).

{¶ 12} After a thorough review of the record, we find no error in the trial court's decision to sentence appellate to 240 days in jail with five years of reporting community control for the two second-degree misdemeanor offenses and the two fourth-degree misdemeanor offenses. The sentence imposed for each offense falls within the statutory limits for second-and-fourth-degree misdemeanor offenses. R.C. 2929.24(A)(2) (the maximum jail term a trial court can impose for a second-degree misdemeanor offense is 90 days); R.C. 2929.24(A)(4) (the maximum jail term a trial court can impose for a fourth-degree misdemeanor offense is 30 days); R.C. 2929.25(A)(2) (the maximum duration for all community control sanctions imposed upon an offender cannot exceed five years).

{¶ 13} Though the trial court did not specifically reference R.C. 2929.21 or 2929.22

when imposing appellant's sentence, the court clearly considered appellant's criminal history, his pattern of refusing to cooperate with law enforcement, and his failure to comply with court orders. In the span of a few months, appellant was arrested on multiple offenses relating to his refusal to identify himself to officers. Appellant escalated his behavior in the November 9, 2023 incident (Case No. 02180) when he called 9-1-1 knowing no emergency existed. At sentencing, appellant acknowledged that the offenses he was being sentenced for were not the only times he refused to cooperate with officers or gave a false name to law enforcement.[1] The court clearly took this into consideration in fashioning a sentence that both punished appellant and protected the public from future crime by appellant. Moreover, the court properly imposed consecutive sentences by specifying the jail-terms were to run consecutively to one another. As a result, we find that the trial court did not abuse its discretion in sentencing appellant to 240 days in jail with five years of reporting community control. Appellant's sole assignment of error is

---

1. At sentencing, the following discussion was held:

> THE COURT: [W]hen [appellant] wants to go on and on and on about –
> to these police officers about how he knows his rights and he doesn't
> have to identify himself and waste time and resources, you pay the price
> for that.
>
> So anything else you want me to know, sir? Because you did it on
> September 1st, and you did it again on November 9th, when they had an
> open warrant for you not showing up on the September 1st case.
>
> [Appellant]: Your Honor, I've been doing this for – since I, you know,
> been stopped by police and they all get dismissed. So I can –
>
> THE COURT: Well, guess what.
>
> [Appellant]: I know.
>
> THE COURT: This one didn't.
>
> [Appellant]: I know, but I continue to do it, because I feel like if my rights
> are being violated, I'm going to fight for my rights regardless.
>
> THE COURT: Well, you do that. But you need to know what your rights
> are, not just make them up. . . .

overruled.

{¶ 14} Judgment affirmed.


S. POWELL, P.J., and PIPER, J., concur.