[Cite as *State v. Morgan*, 2025-Ohio-3018.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                  :

    Appellee,                                   :          CASE NO. CA2025-02-009

                                  :          <u>OPINION AND</u>
                                           <u>JUDGMENT ENTRY</u>
- vs -                                  8/25/2024

                                    :

COURTNEY E. MORGAN,                            :

    Appellant.                                  :

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2025 CRB 3504

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

# **O P I N I O N**

**SIEBERT, J.**

{¶ 1} Courtney Morgan appeals the trial court's imposition of a probation fee and prohibiting her use of drugs, alcohol, and marijuana as a community control sanction after

she pled guilty to misdemeanor theft. The State concedes the trial court made an error in both regards. We reverse the trial court's sentence and remand this case for resentencing.

{¶ 2}   Morgan entered a plea of guilty to misdemeanor theft in violation of R.C. 2913.02. The trial court imposed a suspended 60-day jail term, a $100 fine, and two years of community control. The sentencing entry provided check-box options for supervision by the court or the court's probation department, and the trial court marked the box for court supervision.

{¶ 3}   The terms of Morgan's community control included a theft class, 16 hours of community service, a trespass order from Target stores, restitution of $211.32, and to abstain from use of drugs, marijuana, and alcohol during the term of community control. Subsequent paperwork required Morgan to pay a probation fee of $50 per month pursuant to R.C. 2951.021.[1]

{¶ 4}   Morgan appeals the sentence imposed by the trial court. In her sole assignment of error, she asserts the trial court's imposition of a probation fee and its order for her to abstain from use of drugs, marijuana, and alcohol violate Ohio law. The State concedes the trial court erred. We review a trial court's misdemeanor sentence for an abuse of discretion. *State v. Kinsworthy*, 2014-Ohio-2238, ¶ 31 (12th Dist.). But courts "lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38-39. Therefore, we review the court's errors of law de novo, with further determination of whether that error was harmless. *See id*.

{¶ 5}   Under Ohio law, "if the court places the offender under the control and

---

1.  It is unclear from the record whether the court collected the $50 monthly probation fee since sentencing Morgan.

- 2 -

supervision of a probation agency, the court may require the offender, as a condition of community control, to pay a monthly supervision fee of not more than fifty dollars." R.C. 2951.021(A)(1). A "probation agency" is defined as "a county department of probation, a multicounty department of probation, a municipal court department of probation . . . or the adult parole authority." R.C. 2951.01(E). This definition does not include the municipal court itself. *See id.* Because the trial court's entry expressly placed Morgan under the court's supervision and not its probation department, we conclude it made an error of law and abused its discretion by imposing a supervision fee under R.C. 2951.021. Because the court's error of law required Morgan to pay a supervision fee she would not have otherwise been required to pay, the court's error was not harmless.

{¶ 6} The trial court's order for Morgan to abstain from use of drugs, marijuana, and alcohol was also an abuse of discretion. "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *State v. Chapman*, 2020-Ohio-6730, ¶ 8. When imposing community control sanctions, the court must consider whether it, "'(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.'" *Id.* at ¶ 23, quoting *State v. Jones*, 49 Ohio St.3d 51, 53 (1990).

{¶ 7} The State concedes "there is no information beyond what appears in the record to indicate that these [substances] played any part whatsoever in Morgan's life." Upon review, *nothing* in the record indicates these substances were a factor in Morgan's commission of theft.  As a result, we can only conclude the trial court abused its discretion by imposing it.

{¶ 8}  Judgment reversed and remanded for proceedings consistent with this opinion.


PIPER, P.J., and M. POWELL, J., concur.


## J U D G M E N T   E N T R Y


The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed and remanded for proceedings consistent with the above Opinion.

It is further ordered that a mandate be sent to the Clermont County Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


/s/ Robin N. Piper, Presiding Judge


/s/ Mike Powell, Judge


/s/ Melena S. Siebert, Judge


- 4 -